## LINTON *v*. UNEXCELLED FIRE-WORKS CO.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

REFORMATION OF CONTRACTS—MISTAKE.

Plaintiff entered into a verbal contract of services for defendant at a salary of $2,000 per year, and the "net earnings" on 30 shares of defendant's corporate stock, ($3,000,) to be paid by issuing to plaintiff said 30 shares of stock when such "net earnings" should aggregate $3,000. Afterwards the contract was reduced to writing, the words "net earnings" being replaced by the word "dividends," but there was no intention to change the terms of the verbal contract. After three years, a new contract was made by which plaintiff's entire compensation was to be a salary of $4,000 per year. *Held*, that plaintiff was entitled to a reformation of the written contract, so as to conform it to the terms of the verbal agreement, and to have issued to him stock to the amount of the "net earnings" of said 30 shares during the three years of the continuance of the first contract, the "dividends" during that time being less than the "net earnings."

Appeal from special term, Kings county.

Action by Charles B. Linton against the Unexcelled Fire-Works Company to reform or set aside a written agreement entered into between the parties.

It appeared that on July 14, 1884, plaintiff orally agreed to perform certain services for defendant, and defendant agreed to give plaintiff $2,000 per year as salary, and, in addition thereto, the "net earnings" of 30 shares of defendant's stock, to be paid by issuing to plaintiff said 30 shares when the "net earnings" should aggregate $3,000, the par value of the 30 shares. This agreement was afterwards reduced to writing, and the words "net earnings" were replaced by the word "dividends." The writing was dated as of the day of the verbal agreement. On June 8, 1887, the parties entered into a written agreement by which the former contract was terminated, and plaintiff was to receive $4,000 per year salary, in lieu of all other compensation, after July 14, 1887. The "net earnings" of the 30 shares during the three years of the continuance of the first contract (1884 to 1887) were $2,550, while the dividends were much less. Plaintiff had already received a certificate for 21 shares of the stock, and he contended that he was entitled to $4\frac{1}{2}$ shares more, so as to aggregate $25\frac{1}{2}$ shares, ($2,550 net earnings.) Defendant contended that plaintiff was entitled to only 15 shares of the stock or $1,500, which was the amount of the dividends on 30 shares for the three years, and interposed a counter-claim for 6 shares. The court found against defendant's counter-claim, and dismissed the complaint, and both parties appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William J. Gaynor,* for plaintiff. *Hatch & Warren,* for defendant.

BARNARD, P. J. The material facts in this case are not the subject of dispute. The plaintiff on the 14th of July, 1884, entered into the employment of the defendant. The term was indefinite. The money salary per year was to be $2,000, and in addition the net earnings on 30 shares of the capital stock of the defendant. These earnings were to be credited to the plaintiff until the earnings should aggregate the par value of the shares, $3,000, when the stock was to be issued to plaintiff. The parties continued under this agreement for three years without any change of its terms. There was a new agreement made to replace it from the 4th of July, 1887. The parties differ in respect to the time when a certain paper intended to evidence the oral agreement was made. It was made, and it is quite immaterial when, and it was made solely to evidence the oral agreement. Mr. Johnson, who drew the agreement, states the time of execution to have been in January, 1886. The plaintiff says it was given in September, 1887, after the agreement had expired by three years' execution, and its replacement by a new agreement. Whenever signed, it was dated back to the commencement of that employment. This agreement introduced the word "dividends" in the place of "net earnings." A certificate for 21 shares of the stock was given for net earnings of the company in September, 1887, and it is an important fact that the dividends were less than the earning. The parties both agree that the paper was to change nothing. Mr. Johnson states the oral contract to have been that the stock was to rest on profits "earned as declared in dividends." The plaintiff states that the contract as to the stock was to rest on net earnings. Either by mistake or design the word "dividends" only was used as to the basis for stock in the writing. This writing changed nothing, and was designed to solely evidence the oral agreement. If it failed to do it, the agreement really made, and not the mistaken evidence of it, prevails. The authorities cited as to mistake, and as to mutual mistake, have no place in a case like tnis, where the original agreement was plain, and the writing which intended to evidence it failed to do so. The 21 shares of stock were properly issued for a period ending December, 1886. It is not denied but that the earning for the remainder of the three years was $4\frac{1}{2}$ shares. The present contract entitles the plaintiff to this. It represents the earnings of the company from January, 1887, to July, 1887, when the contract was wholly and entirely terminated by the parties. If the plaintiff is right in his appeal, the defend-

ant is wrong in his claim that 4½ shares of the stock delivered should be returned. The judgment dismissing the complaint should be reversed, and judgment rendered that the plaintiff recover the 4½ shares, with costs. The judgment against the defendant's counter-claim should be affirmed, with costs.

All concur.